# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS, INDIANA

| | |
|---|---|
| ERICA TAYLOR | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CAUSE NO. 1:21-cv-475 |
| PHARMSCRIPT OF IN LLC | ) |
| | ) |
| Defendant, | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, name-above, complains of act and omissions by the Defendant. In support of her Complaint and as cause of action against the Defendant, Plaintiff respectfully submits the following:

### JURISDICTION

1. This suit is authorized and instituted pursuant to Title VII 42 U.S.C. § 2000e. and 42 U.S.C. § 1981 as amended by the Civil Rights Act OF 1991; 28 U.S.C. §§ 1331 and 1343.

2. Plaintiff fled a charge with the Equal Employment Opportunity Commission (EEOC) and received a notice to sue on December 17, 2020.

### PARTIES

3. Plaintiff is an African-American female and at all relevant times she resided in the Southern District of Indiana.

4. Defendant is a corporation doing business in the State of Indiana in the Southern District of Indiana.

## FACTS

5. Plaintiff began working for the Defendant in October 2020.

6. Plaintiff performed her job well.

7. October 25, 2020, the lead technician began me from the time she walking in the building and Plaintiff tried to prohibit me from doing her job.

8. In the middle of my shift, the lead technician asked Plaintiff to leave the building allegedly due to poor work performance.

9. However, Plaintiff was performing what work she could do very well.

10. Prior to leaving, Plaintiff informed the lead technician that she was going to contact Defendant's Human Resource and the support team due to her harassment.

11. Plaintiff left the building and went to her car.

12. While Plaintiff was in her car, two police officers approached her car, both officers had their hands on their guns.

13. The police officer asked Plaintiff if she had any weapons and asked Plaintiff if she had any scissors in her possession.

14. The police officer informed Plaintiff that he was told she was in possession of a weapon.

15. Plaintiff informed Defendant's HR of the incident, however, they did nothing.

16. Plaintiff continued to work under the leadership of the lead technician.

17. The lead technician continued to not give Plaintiff work and harass Plaintiff.

18. Plaintiff contacted the lead pharmacist about the lead technician's behavior and reported the harassment.

19. On December 18, 2020, Plaintiff was suspended. Defendant informed Plaintiff she was allegedly suspended because she did not complete timesheets. Plaintiff informed Defendant that she believed she is being targeted because other employees (all white) did not have to complete the timesheets.

20. On December 21, 2020, Plaintiff was terminated. Defendant did not state the reason for the termination.

21. Plaintiff was terminated due to her race.

22. Plaintiff was harassed due to her race.

23. Plaintiff was subject to a hostile work environment.

24. Plaintiff suffered retaliation due to engaging in protected activity.

## COUNT I

25. Plaintiff incorporates by reference paragraphs 1-24.

26. Defendant, as a result of terminating Plaintiff due to her race, violated 42 U.S.C. § 1981.

## COUNT II

27. Plaintiff incorporates by reference paragraphs 1-24.

28. Defendant, as a result of terminating Plaintiff due to her race, violated Title VII 42 U.S.C. § 2000 et al.

## COUNT III

29. Plaintiff incorporates by reference paragraphs 1-24.

30. Defendant, as a result of terminating Plaintiff due to Plaintiff engaging in protected activity, violated Title VII 42 U.S.C. § 2000 et al.

## COUNT VI

31. Plaintiff incorporates by reference paragraphs 1-24.

32. Defendant, as a result of terminating Plaintiff due to her race, violated 42 U.S.C. § 1981.

## COUNT V

33. Plaintiff incorporates by reference paragraphs 1-24.

34. Defendant, as a result of subjecting Plaintiff to a hostile work environment due to her race, violated Title VII 42 U.S.C. § 2000 et al.

## COUNT VI

35. Plaintiff incorporates by reference paragraphs 1-24.

36. Defendant, as a result of subjecting Plaintiff to a hostile work environment due to her race, violated 42 U.S.C. § 1981.

## COUNT VII

37. Plaintiff incorporates by reference paragraphs 1-24.

38. Defendant, as a result of harassing Plaintiff due to her race, violated Title VII 42 U.S.C. § 2000 et al.

## COUNT VIII

39. Plaintiff incorporates by reference paragraphs 1-24.

40. Defendant, as a result of harassing Plaintiff to due to her race, violated 42 U.S.C. § 1981.

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

A. Award Plaintiff back pay and benefits lost;

B. Award Plaintiff compensatory damages for future pecuniary loss, emotional pain and suffering, inconvenience, mental anguish and loss of enjoyment of life;

C. Award Plaintiff punitive damages;

D. Award Plaintiff his cost in this action and reasonable attorney fees;

E. Grant Plaintiff any other relief which is allowable under the circumstances of this case.

Respectfully Submitted

s//Amber K. Boyd
Amber K. Boyd 31235-49
Attorney for Plaintiff

### REQUEST FOR JURY TRIAL

Comes now the Plaintiff and requests that this cause be tried by a jury.

Respectfully Submitted

s//Amber K. Boyd
Amber K. Boyd 31235-49
Attorney for Plaintiff

Amber K. Boyd 31235-49
Amber K. Boyd Attorney at Law
8510 Evergreen Avenue
Indianapolis, in 46240
(317) 210-3416